UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS N. HARRIS,

        Plaintiff,

v.                                      Case No. 2:05-cv-265
                                      HON. GORDON J. QUIST

PEGGY OATLEY, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently confined at the Ionia Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, defendants include MDOC Dietitian Peggy Oatley, Marquette Branch Prison Food Service Director Todd DeRosie, and Dr. Asher Berhane.

Plaintiff alleges that he suffered a brain aneurysm and stroke on June 2, 2004. Plaintiff was prescribed a low sodium diet on June 21, 2004, by a hospital physician before discharge. Plaintiff alleges that he was prescribed weekly blood pressure checks. Plaintiff alleges that his blood pressure is not monitored weekly. Plaintiff alleges that he was seen by defendant Dr. Berhane on August 8, 2005, because he had a "blankout." Dr. Berhane told plaintiff that she would order plaintiff's blood pressure checked weekly. Plaintiff alleges that he still did not receive weekly blood pressure monitoring.

Plaintiff alleges that defendant Dietitian Peggy Oatley is responsible for auditing therapeutic diet lines and food trays. Defendant Food Service Director Todd DeRosie is responsible,

according to plaintiff, to make sure that plaintiff receives the correct therapeutic diet.  Plaintiff

alleges that he is an administrative segregation prisoner, so he is dependent on correctional officers

to serve him his therapeutic diet.  Plaintiff alleges that he consistently receives the incorrect food on

his food trays.  As a result, plaintiff claims that he went from 198 pounds to 181 pounds from April

2005 to July 2005.

Plaintiff has filed a motion for summary judgment and defendants Oatley and

DeRosie have filed a motion for summary judgment.  Summary judgment is appropriate only if the

moving party establishes that there is no genuine issue of material fact for trial and that he is entitled

to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-

323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support

a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions,

answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for

trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific

facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The

evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in

response to a summary judgment motion must be accepted as true.  *Muhammad v. Close***,** 379 F.3d

413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a

mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477

U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which

the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996

F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed

- 2 -

to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In addition, defendant has Berhane filed a motion to dismiss.  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court must construe the complaint in the light most favorable to plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations.  *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355. U.S. at 47).  The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts.  *Mayer*, 988 F.2d at 638.  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *Delorean*, 991 F.2d at 1240.  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Id.* (internal quote omitted).

Defendant Berhane argues that plaintiff did not show exhaustion of his grievance remedies by attaching Step III responses to his grievance.  The complaint filed with the court

contains Step III grievances and Step III responses denying plaintiff's claim.  Plaintiff has adequately exhausted his grievance remedies.

Alternatively, defendant Berhane argues that plaintiff has failed to state an Eighth Amendment claim for deliberate indifference to a serious medical need.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-05, 97 S. Ct. 285, 290-92 (1976).  A claim under the Eighth Amendment comprises an objective and subjective component: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).  The deliberate indifference standard applies to all claims challenging conditions of confinement, which include claims of inadequate medical care.  *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S. Ct. 2321, 2326 (1991).  For a medical claim, the Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Estelle*, 429 U.S. at 104-05, 97 S. Ct. at 290-92; *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995).

The deliberate indifference standard "describes a state of mind more blameworthy than negligence."  *Farmer*, 511 U.S. at 835.  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official both must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must draw the inference.  *Id.* at 837.  The reason for focusing on the official's mental attitude is to isolate those defendants who inflict punishment.  *Id.* at 839.

- 4 -

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105, 97 S. Ct. at 291-92. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 292, (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. April 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also, Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. April 27, 2001; *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v.*

- 5 -

*Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. April 4, 1997).

Plaintiff has alleged that he saw Dr. Berhane in August 2005, and she told him that she would order weekly blood pressure checks.  Plaintiff alleges simply that he did not receive weekly blood pressure checks.  Plaintiff has not presented any allegation that could show that defendant Dr. Berhane was deliberately indifferent to a serious medical need of plaintiff.  Even if plaintiff did not receive weekly blood pressure checks, plaintiff has not shown that he suffered any ill effects from not having weekly blood pressure checks.  More importantly, plaintiff has failed to allege that Dr. Berhane was at fault.  Plaintiff has failed to allege facts that show that defendant Dr. Berhane was deliberately indifferent to a serious medical need of plaintiff.

Plaintiff's claims against defendants Oatley and DeRosie involve allegations that plaintiff did not receive a correctly planned or prepared therapeutic diet.  Defendant Oatley is a dietitian and nutritionist employed by the MDOC.  She is responsible for reviewing therapeutic diets to meet the needs of prisoners and is responsible for working with health care staff and food service staff to provide therapeutic diets.  Plaintiff was prescribed a low sodium diet on March 5, 2005.  Plaintiff requested a vegetarian restriction.  A two gram sodium diet was ordered by plaintiff's physician.  Plaintiff received a two gram sodium diet as ordered.  Although plaintiff complained about certain items of food, those food items were appropriate to his diet.  Gravy, white bread, cheese, bread soaked in margarine, soda pop and cottage cheese, contrary to plaintiff's conclusions, are all acceptable foods for a two gram sodium diet according to defendant Oatley.

Defendant DeRosie is the Food Service Director at MBP.  Defendant DeRosie asserts that plaintiff received a therapeutic diet.  Defendant was aware of plaintiff's meal complaints and as a result required his staff to check and double check plaintiff's meal tray to ensure the proper food items were on the tray and the proper proportions were issued.  Defendant DeRosie personally checked plaintiff's tray on numerous occasions and observed other staff check plaintiff's tray for proper food items.  Whenever there is a problem with a meal sent to an Administrative Segregation Housing Unit, food service staff corrects the problem as soon as possible.  Plaintiff has made general complaints about items of food and portions of food.  However, plaintiff has not shown that defendants were deliberately indifferent to plaintiff's medical needs.  Plaintiff received a low sodium diet that conformed to his health care requirements.

Defendant Berhane has also filed a motion to revoke the *in forma pauperis* status of plaintiff alleging that plaintiff has three strikes.  In support of the motion, defendant relies on two cases that were dismissed for failure to show exhaustion of grievance remedies.  Cases dismissed for failure to show exhaustion of grievance remedies are dismissed without prejudice and do not count as a strike.  Similarly, cases dismissed on summary judgment do not constitute a strike.

Accordingly, it is recommended that defendant Berhane's motion to revoke *in forma pauperis* status (docket #62) be denied, plaintiff's motions for summary judgment (docket ## 16 and 22) be denied, defendant Berhane's motion to dismiss (docket #26) be granted, and defendants Peggy Oatley's and Todd DeRosie's motion for summary judgment (docket #32) be granted, dismissing this case in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court

- 7 -

grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  August 8, 2006